# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2007**

Charles R. Fulbruge III
Clerk

No. 07-60187
Summary Calendar

JUSTENE M. AUDLER

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi

Before JOLLY, DENNIS, and PRADO, Circuit Judges..

E. GRADY JOLLY, Circuit Judge:

Justine Audler filed an application for disability insurance benefits on account of back and neck problems, migraine headaches, and depression. After a hearing, an Administrative Law Judge found that Audler was capable of performing her past work, and could also perform other sedentary level jobs, which exist in significant numbers in the national and local economy. The ALJ therefore denied Audler's claim, finding that Audler was not disabled within the meaning of the Social Security Act. The Appeals Council denied Audler's request for review and the district court, on recommendation from the magistrate judge, affirmed the Commissioner's decision. Audler then filed this appeal arguing that the decision denying her benefits was not supported by substantial evidence

and that the Administration failed to follow its own legal standards in considering her claim.

In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision to deny benefits. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our judgment for that of the Commissioner. Hollins v. Bower, 837 F.2d 1378, 1383 (5th Cir. 1988).

I.

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated. Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987). The claimant bears the burden of showing she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform.

At step three, the ALJ summarily concluded that "[t]he medical evidence indicates that the claimant has status post lumbar laminectomy, cervical disc herniation, headaches and chronic neck and back pain, impairments that are severe within the meaning of the Regulations but not severe enough to meet or

medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." The ALJ did not identify the listed impairment for which Audler's symptoms fail to qualify, nor did she provide any explanation as to how she reached the conclusion that Audler's symptoms are insufficiently severe to meet any listed impairment. "Such a bare conclusion is beyond meaningful judicial review." Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996).[1]

Under the Social Security Act,

> [t]he Commissioner of Social Security is directed to make any findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security, which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. § 405(b)(1). By the explicit terms of the statute, the ALJ was required to discuss the evidence offered in support of Audler's claim for disability and to explain why she found Audler not to be disabled at that step. Although the ALJ is not always required to do an exhaustive point-by-point discussion, in this case, the ALJ offered nothing to support her conclusion at this step and because she did not, "we, as a reviewing court, simply cannot tell whether her decision is based on substantial evidence or not." Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986).

Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless. Morris v. Bowen, 864 F.2d 333, 334 (5th Cir. 1998). "Procedural

---

[1] Indeed the magistrate judge and the district court both affirmed the Commissioner based on the finding that substantial evidence supported the ALJ's determination at steps 4 and 5, without first addressing her finding at step 3.

perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected." Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988)). Audler contends, inter alia, that her disability meets the Listing level criteria as set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04 with respect to spinal disorders, which, as applicable to this case, requires a "herniated nucleus pulposus ...[w]ith [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test." To demonstrate the required loss of function for a musculoskeletal impairment, Audler must demonstrate either an "inability to ambulate effectively on a sustained basis ..., or the inability to perform fine and gross movements effectively on a sustained basis." 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00(B)(2).

The record indicates that Audler submitted a diagnostic checklist from her treating physician, Dr. Purser, an orthopedic surgeon, indicating that Audler had most of the symptoms of nerve root compression (including motor loss, limitation of motion of the spine, and sensory loss) and that she had a positive straight-leg raising test. Dr. Purser concluded that Audler cannot stand or walk for more than 10 or 15 minutes per day without experiencing lower back pain, that she must be able to recline at will during the day for relief of pain, and that she experiences severe migraine headaches once or twice a week that require her to recline in a quiet darkened room.[2] No medical evidence was introduced to contradict these findings.[3] Absent some explanation from the ALJ to the

---

[2] Audler submitted a second diagnostic checklist from Dr. Trieu, which supported Dr. Purser's findings.

[3] The Administration suggests that the ALJ discredited Dr. Purser's opinion because he was not her "treating physician" and because his office notes do not record any clinical findings with respect to her complaints of migraines or neck pain. The ALJ's decision,

contrary, Audler would appear to have met her burden of demonstrating that she meets the Listing requirements for § 1.04A, and therefore her substantial rights were affected by the ALJ's failure to set out the bases for her decision at step three.

Because we vacate and remand for additional proceedings at step three, we need not reach Audler's additional arguments.

II.

The judgment of the district court is VACATED, and the case is REMANDED to the district court with directions to remand to the Commissioner for further proceedings consistent with this opinion.

VACATED and REMANDED.

---

however, specifically notes that Dr. Purser "treated [] the claimant between March 2001 and January 2002 ...."and provides no rationale for discounting his opinion.