IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-50860
Summary Calendar

MARVIN CLAYBORNE

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-853

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

This appeal requires us to consider whether substantial evidence supports the denial of disability and supplemental security income benefits under Titles II and XVI of the Social Security Act. The district court concluded that substantial evidence existed and entered judgment in favor of the Commissioner of Social Security. Having reviewed the record, we agree and affirm the judgment of the district court.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On April 30, 2004, Marvin Clayborne ("Appellant") applied for disability benefits and supplemental security income benefits. He alleged that he has been disabled since December 12, 2000, due to blindness in his right eye, anxiety related to an automobile accident in which his brother was killed, right shoulder pain, and pain in the left elbow and knee. At the time of his disability hearing, he was 54 years old. He has a high school education. His past relevant work includes order puller, solderer, electric equipment operator, and mail sorter.

The Administrative Law Judge ("ALJ") concluded that Appellant was not disabled. The Appeals Council affirmed, which rendered the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). On appeal, the district court affirmed and Appellant filed a timely notice of appeal to this court.

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002). In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports its decision. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988).

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the

impairment prevents the claimant from doing any other substantial gainful activity." Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987)).  If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends.  Id. at 448 (citing Lovelace, 813 F.2d at 58).  The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform.  Id.

Here, with respect to the first step, the ALJ found that Appellant had not engaged in substantial gainful activity since the onset of his alleged disability. With respect to the second step, the ALJ found that claimant suffers from severe impairments, i.e., loss of vision in right eye, chronic shoulder pain, and an anxiety disorder.  Because these impairments do not meet or equal, either singly or in combination, one of the impairments listed in Appendix 1 of the social security regulations under the third step, the ALJ determined Appellant's residual functional capacity ("RFC").  The ALJ found that Appellant could lift and carry 20 pounds occasionally and 10 pounds frequently and walk, stand, and sit for 6 hours each in an 8-hour day.  The ALJ further found that Appellant could occasionally perform overhead reaching with the right (dominant) upper extremity, carry out simple instructions, interact appropriately with coworkers and supervisors, and adapt to a routine work environment, but could not perform jobs where depth perception was critical to job performance.  Based on Appellant's RFC and the testimony of an impartial vocational expert, the ALJ found that Appellant could perform past relevant work as a mail sorter under the fourth step.  Although the inquiry could have ended once the ALJ determined that Appellant could perform past relevant work, the ALJ proceeded to the fifth step and found that Appellant could also perform other substantial work such as routing clerk, marker (retail), and semi-conductor sealer.  In short,

the ALJ concluded that Appellant was not disabled. After reviewing the record, we agree that the ALJ's decision was supported by substantial evidence.

Appellant argues that the ALJ ignored his anxiety and post-traumatic stress disorders when determining that he was able to engage in substantial gainful activity. However, the only medical evidence relating to Appellant's psychological state concluded that Appellant did not meet the criteria for post-traumatic stress disorder. With respect to his anxiety disorder, the ALJ found that Appellant only had mild limitations on his ability to perform the activities of daily living and to maintain social functioning and that Appellant could still carry out simple instructions, interact appropriately with coworkers and supervisors, and adapt to a routine work environment. These findings are supported by substantial evidence in the record.

Appellant next argues that the ALJ failed to give sufficient weight to his treatment records at Austin Community Clinic, St. David's Hospital, and Brackenridge Hospital. However, we agree with the district court that these are not treating sources. A treating source is defined to include the claimant's own physician, psychologist, or other acceptable medical source who provides the claimant with treatment or an evaluation and "who has, or has had, an ongoing treatment relationship" with the claimant. 20 C.F.R. § 404.1502. Thus, isolated visits to different hospitals and clinics, such as those cited by Appellant, do not constitute treating sources and are not entitled to special weight.

Appellant also argues that the ALJ erred in finding that his subjective complaints of pain lacked credibility. We disagree. The ALJ noted that Appellant had initially reported a full recovery after physical therapy and only later indicated that physical therapy did not help much. Moreover, although Appellant testified that he suffers from high levels of pain, he did not seek treatment for a period of almost two years, has not been prescribed pain medication, and reported that he still engages in normal social interactions such

4

as taking care of his disabled mother, fishing, visiting friends, and seeing an occasional football game.  Credibility determinations are generally entitled to great deference, Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000), and in this case, we find that the ALJ's credibility determination is supported by substantial evidence.

Having reviewed the record and all of the arguments raised by Appellant, we affirm the judgement of the district court.

AFFIRMED.