IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-51430
Summary Calendar

JESUCITA GARCIA

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-218

Before REAVLEY, JOLLY, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This appeal requires us to consider whether substantial evidence supports the denial of disability and supplemental security income benefits under Titles II and XVI of the Social Security Act. The district court concluded that substantial evidence existed and entered judgment in favor of the Commissioner of Social Security. Having reviewed the record, we agree and affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On August 13, 2004, Jesucita Garcia ("Appellant") applied for disability benefits and supplemental security income benefits. She alleged that she has been disabled since August 1, 2002, due to severe migraines, right shoulder pain, and depression. At the time of her disability hearing, she was 55 years old. She has a high school education and some college education. Her past relevant work includes hotel desk clerk, sales clerk, and receptionist/secretary.

The Administrative Law Judge ("ALJ") concluded that Appellant was not disabled. The Appeals Council affirmed, which rendered the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). On appeal, the district court affirmed and Appellant filed a timely notice of appeal to this court.

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002). In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports its decision. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988).

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful

activity." Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987)).  If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends.  Id. at 448 (citing Lovelace, 813 F.2d at 58).  The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform.  Id.

Here, with respect to the first step, the ALJ found that Appellant had not engaged in substantial gainful activity since the onset of her alleged disability. With respect to the second step, the ALJ found that claimant suffers from a severe impairment, i.e., migraine headaches.  The ALJ also found, however, that her depressive disorder and shoulder problem were not severe impairments. With respect to the third step, the ALJ found that because the severe migraine headaches do not meet or equal one of the impairments listed in Appendix 1 of the social security regulations, the ALJ determined Appellant's residual functional capacity ("RFC").  The ALJ found that Appellant could walk, stand, and sit without limitation, lift/carry up to 50 pounds occasionally and up to 25 pounds frequently, and engage in bending and stooping up to one-fifth of the workday.  The ALJ further found that Appellant needed to take precautions because of her headaches, i.e., she could not work at heights, around dangerous machinery, and could not drive for a living.  The ALJ also found that Appellant has mild concentration limitations. Based on Appellant's RFC and the testimony of an impartial vocational expert, the ALJ found that Appellant could perform past relevant work as a hotel desk clerk, sales clerk, and a receptionist/secretary under the fourth step.  In short, the ALJ concluded that Appellant was not disabled.  After reviewing the record, we agree that the ALJ's decision was supported by substantial evidence.

Appellant argues that the ALJ did not properly weigh the medical evidence in determining her alleged disability. With regard to her severe migraine headaches, the ALJ relied on medical evidence that showed that Appellant had acknowledged "good results" from medication, and by March 2005 she recognized the medication reduced the frequency and severity of her headaches by 50 percent. In August 2005, Appellant reported that she had headaches only two or three times a week. In a January 2005 medical report, Appellant noted that a strict daily regime of medication eases and eliminates the headaches. In an evaluation by a physical therapist in October 2004, Appellant reports that with medication, she is "97 to 98% better." Thus we find there is substantial evidence for the ALJ's determination that her severe headaches are not so disabling as to prevent her from doing her past work with certain precautions. Appellant also argues that the ALJ failed to properly weigh the evidence in determining that her shoulder pain and depression were not severe impairments. We find, however, that there is substantial evidence that the shoulder pain was not severe. In a doctor's report from April 2006, her doctor noted that the pain in her shoulder was "doing better with room exercises" and medication. An x-ray exam in November of 2004 revealed no problems with the shoulder. The October 2004 evaluation did not reveal severe impairments with her use of the shoulder. We further find that there is substantial evidence that her depression was not severe. Several medical reports indicate that her depression is well-controlled with medication.

Appellant next argues that the ALJ failed to give adequate weight to the fact that she suffers from 2 to 3 headaches per week, has a lack of concentration, and has physical limitations in lifting objects when the ALJ considered whether she could still "do physical and mental work activities on a sustained basis despite limitations from her impairments." The ALJ relied on substantial evidence in concluding that while the Appellant suffers from 2 to 3 headaches

per week, the headaches are controlled by medication and therefore do not impair her ability to do some physical and mental work activities. With respect to her concentration, the ALJ relied on narrative evidence of her ability to conduct many aspects of daily life without assistance (cooking, bathing, grooming, cleaning, finances, etc.). The ALJ also relied on evaluations by psychologists noting that she was cooperative and maintained eye contact during interviews. Moreover, the source of the limitations as to her concentration is linked with her migraines and depression, which the ALJ found to be controlled by medication. Finally, based on evidence submitted to the Appeals Council, recent psychological reports indicate Global Assessment of Functioning scores of 59 and 63, which reflect only mild to moderate symptoms of impairment in the Appellant's overall psychological, social, and occupational functioning. See Boyd v. Apfel, 239 F.3d 698, 700 & n.1 (5th Cir. 2001). There is therefore substantial evidence for the ALJ's determination in respect to her alleged impairment caused by a limited ability to concentrate. As noted earlier, the ALJ relied on substantial evidence in concluding that the pain in her shoulder has been greatly alleviated by medication and exercise. This conclusion supports the ALJ's determination that she should use the shoulder to do some limited lifting. In sum, there is substantial evidence for the ALJ's determination as to Appellant's residual functional capacity and her ability to perform past relevant work.

Appellant also argues that the ALJ erred in finding that her subjective complaints of pain lacked credibility. We disagree. The ALJ noted that Appellant had reported improvements in her migraine and shoulder pain. Moreover, Appellant engages in normal social interactions. Appellant also provided statements at the hearing inconsistent with prior disability reports such as her reason for not working, the history of her headaches, and her activity level. Credibility determinations are generally entitled to great deference,

Newton v. Apfel, 209 F.3d 448, 459 (5th Cir. 2000), and in this case, we find that the ALJ's credibility determination is supported by substantial evidence.

Having reviewed the record and all of the arguments raised by Appellant, we affirm the judgement of the district court.

AFFIRMED.