IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2008

Charles R. Fulbruge III
Clerk

No. 08-10306
Summary Calendar

WILLIAM MAYES

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:06-CV-100

Before KING , DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

This appeal requires us to consider whether substantial evidence supports the denial of disability and supplemental security income benefits under Titles II and XVI of the Social Security Act. The district court concluded that substantial evidence existed and entered judgment in favor of the Commissioner of Social Security. Having reviewed the record, we agree and affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On July 2, 2003, William Mayes ("Appellant") applied for disability benefits and supplemental security income benefits. He alleged that he has been disabled since June 18, 2003, due to heart impairment, seizure disorder, and mental impairment. At the time of his disability hearing, he was 26 years old. He has a high school education. His past relevant work includes car salesman and retail store manager.

The Administrative Law Judge ("ALJ") concluded that Appellant was not disabled. The Appeals Council affirmed rendering the ALJ's decision the final decision of the Commissioner of Social Security (the "Commissioner"). On appeal, a magistrate judge affirmed and Appellant filed a timely notice of appeal to this court.

We review a district court's summary judgment ruling de novo, applying the same standard as the district court. Wyatt v. Hunt Plywood Co., 297 F.3d 405, 408 (5th Cir. 2002). In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports its decision. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We may not reweigh the evidence or substitute our own judgment for that of the Commissioner. Hollis v. Bowen, 837 F.2d 1378, 1383 (5th Cir. 1988).

In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful

activity." Audler v. Astrue, 501 F.3d 446, 447-48 (5th Cir. 2007) (citing Lovelace v. Bowen, 813 F.2d 55, 58 (5th Cir. 1987)). If, at any step, the claimant is determined to be disabled or not disabled, the inquiry ends. Id. at 448 (citing Lovelace, 813 F.2d at 58). The burden of establishing disability rests with the claimant for the first four steps and then shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant is able to perform. Id.

Here, with respect to the first step, the ALJ found that Appellant had not engaged in substantial gainful activity since the onset of his alleged disability. With respect to the second step, the ALJ found that claimant suffers from severe impairments, including a history of congestive heart failure secondary to viral myocarditis without residual effects, a seizure disorder, and mental impairments. With respect to the third step, the ALJ found that Appellant's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1 and therefore did not qualify for presumptive disability. Because he did not qualify for presumptive disability, the ALJ proceeded to "assess and make a finding about [his] residual functional capacity based on all the relevant medical and other evidence in [his] case record" and "use [the] residual functional capacity [("RFC")] assessment at the fourth step of the sequential evaluation process to determine if [he could] do [his] past relevant work . . . and at the fifth step of the sequential evaluation process (if the evaluation proceeds to this step) to determine if you can adjust to other work." 20 C.F.R. § 416.920(e). The ALJ determined that Appellant's impairments resulted in functional limitations and restricted Appellant to less than a full range of medium-level work. The ALJ found that the Appellant had the RFC (1) to lift and carry fifty pounds occasionally and twenty-five pounds frequently, (2) to stand and walk six hours in an eight-hour workday, and (3) to

push and pull twenty-five pounds frequently and fifty pounds occasionally. The ALJ also concluded that the Appellant could not climb ladders, ropes, or scaffolds and could not work at unprotected heights, around dangerous and moving machinery, or operate a motor vehicle. Due to Appellant's mental impairments, the ALJ also limited the Appellant to jobs that required that he understand, remember, and carry out detailed, but not complex, instructions. Based on Appellant's RFC and the testimony of an impartial vocational expert, the ALJ found that Appellant could not perform past relevant work under the fourth step. However, ALJ found that the Appellant could perform other substantial gainful activity based on his age, education, work experience, and RFC. The ALJ thereby concluded that the Appellant was not disabled. After reviewing the record, we agree that the ALJ's decision was supported by substantial evidence.

Mayes argues that the ALJ did not properly weigh the medical evidence in determining his alleged disability and his RFC to do other substantial gainful activity. First, Mayes argues that the ALJ improperly discounted the treating doctor's diagnosis in respect to his severe seizure disorder. In respect to the seizure disorder, the ALJ recognized that the treating doctor had diagnosed Mayes with serious seizure disorder occurring 1-2 times a month, but also noted that while there is some supporting evidence for this diagnosis, there is also substantial contrary evidence that cast doubt on the diagnosis' credibility. For example, a February, 2003 record indicated that he did not have a seizure since June, 2002. An August 17, 2003 consultation report from a non-treating doctor indicated that his medication successfully stabilized his epilepsy for the past two years, and Mayes had only minimal recurrence "about once a year." A December 14, 2004 progress note indicated that he had no seizures for the past six months. The ALJ also noted that the treating doctor's diagnosis regarding the frequency of Mayes' seizures is not supported by her own treatment notes, because prior

treatment notes do not indicate any evidence of a seizure disorder of such frequency.

"[A]n ALJ must consider the following factors before declining to give any weight to the opinions of a treating doctor: length of treatment, frequency of examination, nature and extent of relationship, support provided by other evidence, consistency of opinion with record, and specialization." Myers v. Apfel, 238 F.3d 617, 621 (5th Cir. 2001) (citing Newton v. Apfel, 209 F.3d 448, 456 (5th Cir. 2000)). Here, the ALJ noted that Mayes' treating doctor is a family physician and not a specialist; that her medical record does not substantiate the diagnosis because there is no record of seizures at the frequency suggested; and that other medical evidence undermines the diagnosis and little evidence supports the diagnosis. The ALJ provided "good cause" to disregard the treating doctor's diagnosis. Myers, 238 F.3d at 621. Based on contrary evidence, the ALJ had substantial evidence to conclude that Mayes had a seizure disorder, but not at the severity suggested by his treating doctor's diagnosis.

Mayes also contends that the ALJ did not have substantial evidence to conclude that his heart problems, i.e., pericarditis, myocarditis, etiology uncertain, had occurred during June through August, 2003 but had resolved by late December 2003. This argument is without merit. An examining doctor and medical examiner at the hearing testified that the record and tests did not show an abnormal heart condition in December 2003. Without evidence to the contrary, the ALJ relied on substantial evidence to conclude that Mayes' heart problems resolved in December 2003.

Finally, Mayes contends that the ALJ disregarded evidence of his depression in determining his RFC. This argument is without merit. The ALJ considered the evidence of Mayes' mental impairments, and limited Mayes' RFC to jobs that only require Mayes to carry out detailed, but not complex, instructions. This is consistent with Mayes' psychological examination, which

concluded that Mayes' "ability to understand, remember, and carry detailed instructions is unimpaired."  Evidence also suggests that any impairment to working an eight-hour day was only moderate. Finally, Mayes told his treating doctor that his depression was a consequence of his anxiety regarding his joblessness and health, thereby indicating that his condition is likely situational and not psychological. There is substantial evidence to support the ALJ's RFC determination.

Mayes also argues that the ALJ erred in finding that his subjective complaints of functional limitations lacked credibility.  We disagree.  The ALJ noted that the whole medical evidence did not support Mayes' contentions. Moreover, Mayes had engaged in jobs, such as a managerial position at Walgreen's, during the time he alleges to have been subject to severe functional limitations. Credibility determinations are generally entitled to great deference, Newton, 209 F.3d at 459, and in this case, we find that the ALJ's credibility determination is supported by substantial evidence.

Having reviewed the record and all of the arguments raised by Appellant, we affirm the judgement of the district court.

AFFIRMED.