# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2010

No. 10-30747
Summary Calendar

Lyle W. Cayce
Clerk

HENRY M. ROBINSON, JR.,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CV-475

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The Appeals Council of the Social Security Administration denied Henry M. Robinson, Jr.'s claims for disability benefits and supplemental Social Security income. The United States District Court for the Western District of Louisiana upheld the denial. We AFFIRM.

Robinson claims he has been disabled since October 1, 2004, due to a variety of ailments. The claims were initially denied in late 2005. Robinson

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30747

then requested a hearing before an Administrative Law Judge ("ALJ"). In January 2008, the ALJ denied benefits. In March 2009, the Appeals Council declined to overturn this decision, making the ALJ's ruling the final decision of the Commissioner. Robinson then filed a complaint in district court, and the matter was referred to a magistrate judge for final decision. The decision to deny benefits was found to be supported by substantial evidence and upheld on August 3, 2010. Robinson timely appealed to this court.

By statute, decisions on the rights of individuals applying for these benefits are to be made by the Commissioner of Social Security. 42 U.S.C. § 405(a). The Commissioner has the authority to make regulations and establish procedures to carry out these responsibilities. *Id.* We will refer to the decisions made on Robinson's claims as having been made by the Commissioner, though they were reached by others through the procedures that have been established for resolving these claims.

"In reviewing the Commissioner's determination, we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision to deny benefits." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks and citation omitted).

Robinson's pro se brief presents many claims from which we perceive one general argument: substantial evidence did not support the ALJ's decision that Robinson is not disabled. The ALJ considered the opinions of three doctors who performed consultative examinations on Robinson and indicated that, despite some physical limitations, Robinson is capable of sitting for a full workday. The state agency physician echoed these findings. The ALJ also noted that the absence of any observable signs of the severe pain Robinson claimed undermined his credibility as a witness. *See Hollis v. Bowen*, 837 F.2d 1378, 1384 (5th Cir.

1988).  Based on the medical record, the ALJ ruled Robinson had a residual functional capacity ("RFC") for medium work, reduced by some physical limitations.

Robinson also claims that the ALJ asked a vocational expert improper questions.  We disagree.  The ALJ asked proper hypothetical questions about whether someone with Robinson's RFC, age, education, and work experience could perform any jobs that were widely available in the national economy.  *See* *Bowling v. Shalala*, 36 F.3d 431, 435-36 (5th Cir. 1994).  The expert testified that, based on Robinson's limitations, Robinson was physically capable of performing the requirements of an "assembler of buttons & notions" and "escort vehicle driver," and that these jobs were available in the national economy.

Based on this testimony, the ALJ found that Robinson was not disabled.  *See* 20 C.F.R. § 404.1520(a)(4)(v).  A doctor who conducted a medical examination of Robinson after the ALJ's decision claimed Robinson's RFC was more limited than the doctors who examined Robinson prior to the ALJ's hearing believed.  This single opinion does not disturb the substantial evidence the ALJ relied upon in making his findings.

AFFIRMED.