# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 12, 2011

No. 11-20078
Summary Calendar

Lyle W. Cayce
Clerk

GARABED MELIK-KERAMIAN, on behalf of Vachiak Melik-Keramian,
deceased,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-1232

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Garabed Melik-Keramian ("Garabed") appeals the district court's judgment affirming the Commissioner of Social Security's decision that Garabed's deceased father, Vachiak Melik-Keramian ("Vachiak"), was not entitled to Social Security disability benefits. Because the Commissioner applied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20078

the correct legal standards and because there is substantial evidence to support the decision, we affirm.

I.

In June 2004, Vachiak was diagnosed with chronic hepatitis C, which he contracted during an earlier blood transfusion. On August 24, 2005, Vachiak was also diagnosed with cirrhosis. Vachiak began treatment with Dr. Patel on October 11, 2005. On August 9, 2006, Patel opined that Vachiak was not responding at all with the treatment. This was Vachiak's final visit with Patel. Vachiak was subsequently seen by a string of doctors, including Dr. Botero, who treated Vachiak from January 14, 2008 until December 8, 2008.

Vachiak filed for Social Security disability benefits on March 23, 2007, alleging that his disability began February 1, 2005. As evidence of his alleged disability, Vachiak relied on a liver disease impairment questionnaire completed by Dr. Patel, which diagnosed Vachiak as having hepatitis C. Patel identified clinical findings of nausea/vomiting, signs of encephalopathy, and weakness. He reported Vachiak's symptoms as body aches, malaise, increased abdominal girth and edema, lower limb edema, and fatigue. Dr. Patel opined that in an eight hour workday, Vachiak could sit two hours total and stand or walk less than one hour total. He further opined that Vachiak needed to get up and move every thirty minutes when sitting and could not lift or carry even five pounds. Patel reported that Vachiak had a memory impairment and symptoms including pain and fatigue that would interfere with his attention and concentration.

At a hearing before the ALJ, Vachiak testified that he could climb a flight of stairs, launder clothes, use a computer, shop at a grocery store, and get his teenage son up for school. He testified that he could cook, but could not vacuum because of back pain; his son did most of the housework. A vocational expert testified, in response to a hypothetical question posed by the ALJ, that a person of Vachiak's age, education, and work history who was limited to sedentary work

2

and only occasional climbing, balancing, and stooping could work as a receptionist.[1] The vocational expert further testified that if Vachiak's testimony was found to be credible, he could not perform any work.

After the hearing, the ALJ found that Vachiak's testimony was only partially credible with respect to his daily activities. The ALJ further found that the opinion of Dr. Patel was not entitled to controlling weight because it was not supported by objective medical findings. Ultimately, the ALJ found that Vachiak was not disabled. On August 1, 2008, Vachiak requested review of the ALJ's decision. He submitted as new evidence a questionnaire filled out by Dr. Botero. Unfortunately, Vachiak died on June 5, 2009. Garabed, Vachiak's son, became the substituted party. The Appeals Council denied Garabed's request for review on February 18, 2010, making the ALJ's determination the final decision of the Commissioner. Garabed sought judicial review of the final decision. On December 29, 2010, the district court entered a final judgment affirming the Commissioner's decision and dismissing Garabed's complaint with prejudice. Garabed timely filed a notice of appeal.

## II.

On appeal, Garabed contends that the ALJ erred by relying on the evidence supplied by a non-examining, non-specialist rather than Vachiak's treating physician. He also contends that the ALJ erred by focusing on only some elements of the record, and focusing on marginal daily activities to conclude that Vachiak could perform in a competitive work environment. Finally, Garabed argues that the Appeals Council and district court failed to consider relevant new evidence when reviewing the ALJ's decision.

---

[1] Vachiak most recently worked as a receptionist for his sister's mortgage company, a position he held for two years. This position was classified by the vocational expert as sedentary and semi-skilled.

No. 11-20078

We review the Commissioner's decision only to ascertain whether it is supported by substantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is evidence that "a reasonable mind might accept as adequate to support a conclusion." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). We may not re-weigh the evidence or substitute our judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decisions.

The gravamen of Vachiak's complaint is that the ALJ did not give controlling weight to a March 14, 2008 opinion from Dr. Patel stating that Vachiak could sit for two hours out of an eight-hour day, stand and walk for less than an hour out of an eight-hour day, and never lift or carry. Patel's opinion also stated that Vachiak had memory impairment, problems with concentration, and constant fatigue. Although Patel wrote the opinion in 2008, the record reflects that he last examined Vachiak on August 9, 2006. Examinations by attending physicians in the interim time frame are inconsistent with Patel's 2008 opinion. For example, notes from an August 29, 2006 examination of Vachiak reflect that he was "feeling well other than mild fatigue and some pruritus." On October 5, 2006, Vachiak's attending physician noted that Vachiak was "currently stable without complaint." On a September 10, 2007 visit to a doctor, Vachiak denied that he was in pain. Doctors also noted that Vachiak's liver was non-tender, his muscle strength was normal, he had a full range of motion in his upper and lower extremities, and he had a normal gait with no limp. Similarly, a specialist assessed Vachiak and noted that he had severely slowed ability to acquire verbal information and a mild overall level of cognitive impairment, but noted that he tested within normal limits for his age and education. Further, Vachiak told his doctor, and later testified, that he could climb a flight of stairs, launder clothes, use a computer, shop at a grocery

4

No. 11-20078

store, and get his teenage son up for work. In the light of these factors, and a body of additional medical evidence in the record, we affirm the ALJ's decision to rely on evidence provided by non-treating experts because Patel's opinion was inconsistent with the clinical notes of other treating physicians, a specialist's assessment, and Vachiak's testimony.

Garabed also contends that the Appeals Council and district court failed to consider relevant new evidence—a questionnaire submitted by Dr. Botero—when reviewing the ALJ's decision. Both the Appeals Council and magistrate judge explicitly considered Vachiak's additional evidence, but found that it did not provide a basis for changing the ALJ's decision.

III.

For the reasons outlined above, we conclude that Commissioner's decision is supported by substantial evidence and resulted from application of the appropriate legal standards. Accordingly, the decision of the district court affirming the Commissioner's denial of benefits is

AFFIRMED.