# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10565
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 2, 2016

Lyle W. Cayce
Clerk

LENKA JEAN WANZER,

Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CV-3

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Lenka J. Wanzer appeals the district court's judgment affirming the
Commissioner of Social Security's decision that she is not entitled to Disability
Insurance Benefits ("DIB") under Title II of the Social Security Act. Because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-10565

we conclude that the Commissioner applied the correct legal standard and that substantial evidence supports the Commissioner's findings, we AFFIRM.

I.

Wanzer applied for DIB on March 26, 2012, alleging that she had been disabled since February 1, 2011, because of chronic fatigue syndrome, fibromyalgia headaches, a lumbar spine impairment, and degenerative disc disease. The Commissioner denied her application on May 16, 2012, and September 5, 2012.

Upon Wanzer's request, she received a hearing before an Administrative Law Judge ("ALJ") on August 21, 2013. Following the hearing, the ALJ issued an unfavorable decision, finding that Wanzer was not disabled and was capable of performing her past work. The ALJ found that Wanzer: (1) met the insured status requirements of the Social Security Act; (2) had not engaged in substantial gainful activity since the date of her alleged onset of disability; (3) suffered from the following severe impairments: fibromyalgia, depression, bipolar I disorder, obesity, degenerative disc disease of the lumbar and cervical spine, and diabetes mellitus; (4) had the residual functional capacity ("RFC") to perform sedentary work activity; (5) could return to her past relevant work as an accounting clerk or, alternatively, perform another job existing in significant numbers in the national economy[1]; and (6) was not disabled within the meaning of the Social Security Act. The ALJ's decision became the Commissioner's final decision after the Appeals Council denied review on November 14, 2014.

Wanzer subsequently filed a complaint in the district court. She contended below, as she does on appeal, that the Commissioner's decision is

---

[1] The ALJ concluded that Wanzer could, for example, work as an appointment clerk, scheduling clerk, information clerk, receptionist, or order clerk.

not supported by substantial evidence and the Commissioner applied incorrect legal standards.  Specifically, Wanzer averred that: (1) the ALJ improperly determined her RFC because he used an incorrect legal standard when evaluating her treating physicians' medical opinions; (2) the ALJ erred in evaluating her credibility because he used an incorrect legal standard when evaluating her subjective complaints; (3) the ALJ relied on testimony from a vocational expert that was faulty because it was in response to an inappropriate hypothetical question; and (4) remand is warranted based on new and material evidence that she submitted to the Appeals Council.

On February 9, 2016, the magistrate judge issued a thorough opinion addressing these claims.  He recommended that the district court affirm the Commissioner's decision that Wanzer was not entitled to DIB because the ALJ's decision was supported by substantial evidence and the ALJ applied the correct legal standards.  The magistrate judge found that: (1) the ALJ properly weighed medical opinions and therefore properly arrived at Wanzer's RFC; (2) the ALJ properly assessed Wanzer's credibility by weighing both the objective and subjective evidence in her case; (3) the ALJ presented a proper hypothetical to the vocational expert because: (a) the ALJ evaluated the entire record and sufficiently incorporated Wanzer's functional and social limitations into the RFC; and (b) the hypothetical was unnecessary because the ALJ found that Wanzer could perform past relevant work; and (4) the Appeals Council did not improperly deny review because the new evidence Wanzer submitted was conclusory and immaterial.

On March 11, 2016, the district court adopted the magistrate judge's opinion and affirmed the Commissioner's decision.  Wanzer has timely appealed, reiterating her contentions below.

No. 16-10565

## II.

Our review of the Commissioner's decision is limited: "we consider only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports the decision to deny benefits." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). We have carefully evaluated the record on appeal, the arguments of counsel for both parties in their briefs to this Court, and the applicable law. For the reasons expressed in the well-reasoned opinion of the district court, we conclude that the ALJ applied the correct legal standard and the ALJ's findings are supported by substantial evidence. Accordingly, the judgment of the district court is AFFIRMED.