# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2022

Lyle W. Cayce
Clerk

No. 21-60663

Robin Wilson,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:20-CV-39

Before Higginbotham, Haynes, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Robin Wilson appeals the district court's affirmance of the Commissioner of Social Security's denial of her application for Social Security disability and disability insurance benefits. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60663

## I.    Background

Asserting disability beginning on August 1, 2015, Wilson applied for disability and disability insurance benefits under Title II of the Social Security Act based on her seizure disorder, injured ankle, heart attack, ruptured spleen, asthma, and Hepatitis C.  *See* 42 U.S.C. § 423(d)(1)(A).  Her application was denied, and she subsequently sought reconsideration, alleging an additional condition of social anxiety.  After receiving full consideration by an Administrative Law Judge, the Appeals Council, and the district court, and losing in each venue, Wilson appealed.

Wilson has previously worked as a corrections officer, child welfare caseworker, probation and parole officer, and systems analyst.  Per Wilson, she had to quit her job as a corrections officer in 2013 because her duties were limited by her injured ankle, and she was terminated as a probation officer in 2015 due to her seizures and an altercation with a coworker.  Wilson's medical records indicate longstanding neurological, physical, and mental health issues, which formed the basis of her application.  We briefly discuss each relevant condition.

*Seizure disorder*.  Wilson contends that she has sudden seizures that render her unconscious, so she does not drive, among other things.  Her claim as to the number of seizures is not supported by the medical records that show she only has one to three seizures per year, as to which her neurologist indicated she would need a day to rest.

*Injured ankle*.  Wilson severely injured her right ankle in a 1991 car accident and underwent reconstructive surgery.  She now has arthritis in that ankle, and a 2017 X-ray showed severe posttraumatic degradation. Wilson's medical records indicate that her ankle limitations are mild, such that with standard breaks, she is able to sit and stand normally in an eight-hour workday.

No. 21-60663

*Affective disorders.* Wilson also suffers from anxiety and depression. She has expressed concern about the diminishing benefits her medication has on her affective disorders.

*Heart attack, ruptured spleen, hernia.* Finally, Wilson suffered a heart attack in 2015 and a ruptured spleen in 2016. Her cardiac issues improved after a stent was installed, and her ruptured spleen and resulting hernia were repaired with surgery. Despite her claims about the current effect of her spleen rupture and hernia, a consultant examiner concluded that Wilson could lift, carry, and handle light objects.

## II.     Jurisdiction and Standard of Review

Wilson sought judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). We have jurisdiction over Wilson's timely appeal under 28 U.S.C. § 1291.

"We review the Commissioner's denial of social security benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks and citation omitted). A determination that a final decision is not supported by substantial evidence is "appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). Importantly, we do not "reweigh the evidence or substitute our judgment for that of the Commissioner." *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). Moreover, "[p]rocedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Id.* at 448 (internal quotation marks and citation omitted).

### III.    Discussion

In evaluating a disability claim, the Commissioner conducts a five-step inquiry to determine whether: (1) the claimant is not presently working; (2) the severity of claimant's impairment limits her ability to do basic work activities; (3) the claimant's impairment meets or equals an impairment listed in Appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).    The claimant bears the burden of satisfying the first four steps of the analysis; the Commissioner bears the burden of establishing the fifth by demonstrating that other work the claimant can perform is available in the national economy. *Audler*, 501 F.3d at 448. Wilson takes issue with the ALJ's findings at steps two and four of the inquiry.   We examine those determinations.

### A.    Severity of Affective Disorders

Relevant here, the ALJ concluded at step two of the disability analysis that Wilson's diagnoses of bipolar disorder, depression, and anxiety were not severe under 20 C.F.R. § 404.1520(c) because they only minimally limit her "ability to perform basic mental work activities."

In reaching this conclusion, the ALJ considered four broad areas of mental functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. *See id.* § 404.1520a(c)(3). After a thorough review of Wilson's medical records, the ALJ concluded that Wilson experienced only a mild limitation in each area and accordingly that her affective disorders were not severe. *See id.* § 404.1520a(d)(1).

Wilson argues that the ALJ impermissibly cherry-picked evidence supporting the ALJ's conclusion and failed to consider evidence establishing that Wilson's affective disorders were severe and worsening. However, our review of the record indicates that in totality, the ALJ considered Wilson's intellect, memory, problem-solving skills, self-isolation, stress tolerance, mood swings, anger-management issues, ability to get along with others, punctuality, demeanor, and medication concerns. We accordingly reject Wilson's contention that the ALJ's review of the record regarding her affective disorders was impermissibly narrow.

Wilson also argues that the opinion of the non-examining medical consultant "mischaracterized" the reports upon which he based his conclusion that Wilson's mental health issues were not severe. This argument is about the phrase "laughed easily," which Wilson claims misinterprets "tried to maintain a sense of humor." We conclude this argument is one of semantics and does not affect the ultimate outcome by the ALJ.

Finally, in this category Wilson further takes issue with the ALJ's statement that Wilson had worked since her mental health diagnoses. The ALJ might have been relying on earlier diagnoses rather than those occurring after she left work, but even assuming arguendo the ALJ's statement in this regard was error, it was harmless. *See Audler*, 501 F.3d at 448. The ALJ was clear that Wilson did not perform substantial gainful activity from the alleged onset of disability date of August 1, 2015, and the ALJ acknowledged that Wilson's depression and anxiety developed in 2016. So, we need not address this argument further.

In sum, bearing in mind our limited role and inability to reweigh the evidence or substitute our judgment for that of the ALJ's, *see id.* at 447, we

hold that substantial evidence supported the ALJ's conclusion that Wilson's affective disorders were not severe.

## B.    Residual Functional Capacity

At step four of the disability analysis—whether impairments prevent the claimant from doing past relevant work—the Commissioner must first determine a claimant's residual functional capacity, or the ability the claimant has to perform past relevant work despite any impairments.  *See* 20 C.F.R. §§ 404.1520(e), 404.1545(a)(1).

In making the residual functional capacity determination, the ALJ first considered all of Wilson's impairments that could reasonably be expected to produce pain or other symptoms.  *See* SSR 16-3, 82 Fed. Reg. 49462, 49464 (Oct. 25, 2017).  The ALJ then evaluated the "intensity, persistence, and limiting effects" of those symptoms to determine the extent to which they limited Wilson's ability to perform work-related activities.  *See id.*  After a thorough review of the record, and considering Wilson's impairments due to her heart attack, ankle injury, and seizures, the ALJ found that Wilson has the residual capacity to perform "light work" with certain limitations.[1]

Wilson argues there was not substantial evidence in the record supporting the ALJ's conclusion regarding her ability to perform light work, relying on certain medical opinions.[2]  The ALJ, however, was not required to

---

[1] To determine the physical exertion required for various jobs, the Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy.  20 C.F.R. § 404.1567(a)–(e).  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."  *Id.* § 404.1567(b).  Furthermore, a job is considered light work when "it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*

[2] Wilson does not challenge the ALJ's residual functional capacity determinations as to her seizure disorder and heart attack.

adopt these specific medical opinions, and there is other evidence in the record supporting the ALJ's conclusion.

Moreover, Wilson's own allegations regarding her limitations are undermined by the record. Wilson testified that she could not lift a gallon of milk, but there is no evidence in the record that such a complaint was ever made to Wilson's own medical providers, and the consultant examiner concluded that Wilson could lift, carry, and handle light objects. Wilson asserted that she could not stand for more than one hour per day due to pain in her ankle, but she told her doctor in January 2017 (a year and a half after her disability onset date) that she was active and could walk over a mile without difficulty. The ALJ also noted Wilson's statement to a doctor that she stopped exercising due to stress, not physical inability.

As factfinder, the ALJ was free to evaluate and weigh the totality of the evidence in the record in reaching the conclusion. Given the evidence from the consultant examiner regarding Wilson's ankle and other relevant evidence in the record, we cannot say that "no credible evidentiary choices or medical findings support the [ALJ's] decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quotation omitted). Accordingly, substantial evidence supports the ALJ's conclusion that Wilson is capable of performing light work, and we will not disturb it.

## C.    Past Relevant Work

Past relevant work is substantial gainful activity that the claimant performed within fifteen years prior to the alleged disability onset date. 20 C.F.R. § 404.1560(b). The claimant must also have performed the work long enough to learn how to do the job effectively. *Id.* Predicated on her determination that Wilson had the residual functional capacity to perform light work, the ALJ concluded that Wilson was capable of performing her past relevant work as a child welfare case worker and probation and parole officer

No. 21-60663

(both classified as light work), and as a systems analyst (classified as sedentary work).

Wilson argues there is not substantial evidence in the record to support the ALJ's past relevant work determination as to her systems analyst role. Wilson only worked as a systems analyst for fourteen months, and that job is skilled at specific vocational preparation level seven, which requires at least two years of experience to qualify as past relevant work. *See* 20 C.F.R. § 404.1568; SSR 00-4p, 65 Fed. Reg. 75759, 75760 (Dec. 4, 2000). Assuming arguendo the ALJ erred in classifying Wilson's systems analyst job as past relevant work, we hold that error harmless—Wilson is still capable of performing the jobs of child welfare case worker and probation and parole officer. Accordingly, the ALJ's step four determination that Wilson can perform prior relevant work remains supported by substantial evidence.

AFFIRMED.