IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 28, 2012

Lyle W. Cayce
Clerk

No. 11-11085
Summary Calendar

UWE R. TAYLOR,

  Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

  Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CV-1158

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Uwe Taylor appeals the determination of the Commissioner of Social Security, denying him disability benefits. We AFFIRM.

FACTS AND PROCEEDINGS

Taylor alleges that he has a variety of problems that qualify as a disability under 42 U.S.C. § 405 (g). These include: chronic pain in his feet, legs, and back,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tarsal tunnel syndrom, nerve entrapment, and plantar fasciitis. His application for disability benefits was initially denied and plaintiff requested a hearing before an ALJ, which was held in April, 2009 at which time the plaintiff was 49 years old. The ALJ determined that the plaintiff was not disabled and not entitled to benefits after the judge concluded that Taylor's impairments did not meet the severity requirements of the social security regulations. A vocational expert also testified before the ALJ that Taylor was capable of working at various sedentary jobs although he could not return to his prior line of work. Taylor appealed to the district court, which referred the matter to a magistrate judge, before ultimately adopting the opinion of the magistrate judge affirming the ruling of the ALJ. Taylor appeals.

## STANDARD OF REVIEW

Our standard of review of social security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence. See Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994). Substantial evidence is enough that a reasonable mind would support the conclusion. Id. The evidence "must be more than a scintilla, but it need not be a preponderance." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995) (internal quotation marks omitted). Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive. Richardson v. Perales, 402 U.S. 389, 390 (1971).

## DISCUSSION

The crux of the plaintiff's argument is that the ALJ substituted his opinion for that of the medical personnel who have treated Taylor since the onset of his pain. Taylor argues that the ALJ's conclusion runs contrary to those medical opinions and is not supported by substantial evidence. We disagree with this assertion. The record indicates that the ALJ used the medical information

provided by Taylor to determine the plaintiff's residual functional capacity for work. Under the regulations and our case law, the determination of residual functional capacity is the sole responsibility of the ALJ. See Ripley v. Chater, 67 F.3d 552, 557 (5th Cir. 1995). What Taylor characterizes as the ALJ substituting his opinion is actually the ALJ properly interpreting the medical evidence to determine his capacity for work.

We also disagree with Taylor's assertion that the ALJ's conclusion is not supported by substantial evidence. As the magistrate judge explained in extensive detail, Taylor's medical records fail to corroborate his complaints. The records include an MRI that was "normal," an EEG test finding that was "normal," neurophysiological studies that were "unremarkable," and an MRI of the plaintiff's brain that was "essentially normal." Even one of Taylor's own doctors remarked that "[i]t appears that the patient does not have any anatomical reason [for] his pain." A different doctor testified similarly at the ALJ hearing. There was substantial evidence for the ALJ's determination.

Finally, plaintiff asserts that the ALJ did not use the proper legal standard for determining his disability eligibility. We disagree. Although the ALJ did not identify the specific applicable legal standard, we agree with the magistrate judge that the ALJ nevertheless applied the proper standard. While it is true that the ALJ never cited to Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir. 1985), which provides the appropriate legal standard for determining the severity of the disability, procedural perfection is not required unless it affects the substantial rights of a party. See Mays v. Bowen, 837 F.2d 1362, 1364 (5th Cir. 1988). Here, substantial evidence supports the finding of the non-severity of Taylor's mental problems. A comprehensive medical exam revealed no evidence of Taylor's alleged mental health issues or any reason why mental problems would prevent him from engaging in gainful activity. In addition, the medical records showed that Taylor did not take any medications for his mental

health complaints. He also failed to seek mental health care even after he was twice referred for mental health treatment at his request. The claimant must show that he is so functionally impaired by his mental impairment that he is precluded from engaging in substantial gainful activity. See Hames v. Heckler, 707 F.2d 162, 165 (5th Cir. 1983). He fails to do so, and any error by the ALJ in not following the procedures set out in Stone is harmless. As such, remand is not required since there is no evidence in the record that Taylor's mental health claims are severe enough to prevent him from holding substantial gainful employment.

We reject Taylor's various other claims for essentially the same reasons as the court below.

## CONCLUSION

We AFFIRM the district court's decision upholding the ruling of the ALJ and reject Taylor's claims.