# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 13-40486
Summary Calendar

—————

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2014

Lyle W. Cayce
Clerk

LESLIE T. HOLMES,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant – Appellee

—————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-677

—————————————

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Leslie T. Holmes filed suit in federal district court under § 205(g) of the
Social Security Act, 42 U.S.C. § 405(g). He appeals the district court's
affirmance of the Commissioner of Social Security's partially-favorable
decision, which found that he was disabled and entitled to certain benefits from
May 31, 2002 through March 3, 2009, but not thereafter. Holmes claims that

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

he was entitled to continuing disability benefits after March 3, 2009, and that the administrative law judge's decision finding otherwise lacked substantial evidence, failed to develop the administrative record, and incorrectly weighed the evidence.  We hold that neither the administrative law judge ("ALJ") nor the Appeals Council erred, and affirm the district court's decision.

"Our standard of review of social security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  Evidence is "substantial" when it is enough for a reasonable mind to support the conclusion.  *Id.*  This court has held that "[t]he evidence 'must be more than a scintilla, but it need not be a preponderance.'" *Id.* (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)).  Findings of fact supported by substantial evidence are conclusive, and we "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [our] judgment" for that of the Commissioner.  *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994).

The ALJ's decision stated that from May 31, 2002 through March 2, 2009, Holmes was unable to perform past relevant work, and that there were no jobs that existed in significant numbers in the national economy that he could have performed.  But it also found that Holmes experienced medical improvement related to his ability to work as of March 3, 2009.  Specifically, it stated that since March 3, 2009 the "claimant has had the residual functional capacity [RFC] to perform and maintain a limited range of sedentary work," and that he regained the RFC to perform an eight-hour workday without missing more than twelve days from his employment in a calendar year.

We hold that the ALJ reached his conclusions based on substantial evidence.  The record shows that he ordered a consultative examination by Dr.

No. 13-40486

George Isaac, who considered Holmes's medical history. The ALJ considered the medical evidence, including Dr. Isaac's findings, in reaching his RFC conclusions. Because "we have consistently held that the [Commissioner], not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case," we will not overturn the ALJ's RFC determination that Holmes was able to return to the workforce, albeit in a limited capacity. *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988).

We also hold that both the ALJ and the Appeals Council properly considered and handled Holmes's post-hearing and post-decision evidence, and that the ALJ acted within his discretion in interpreting the evidence before him. Holmes entered into evidence examination reports by Dr. Kim Garges to support his claim of continued disability. But the ALJ discussed the competing evidence at length in his decision, comparing the observations and findings of Dr. Isaac and Dr. Garges. He concluded: "In short, with respect to the period since March 3, 2009, the undersigned gives greater weight to Dr. Isaac's findings and opinions than to those of Dr. Garges." Because "the ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly,'" we hold that he did not commit reversible error in his weighing of the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).

For the foregoing reasons, the decision of the district court is AFFIRMED.