# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30579

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2016

Lyle W. Cayce
Clerk

TROY GERARD CHARLES,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:12-CV-2980

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

      Plaintiff Troy Charles appeals the determination of the Commissioner of Social Security denying him disability and supplemental security income benefits. We AFFIRM.

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30579

I

Troy Charles applied for disability insurance benefits and supplemental security income benefits on January 27, 2010, alleging disability due to depression, dyslexia, hypertension, and poor vision.[1] He sought and was granted an administrative hearing. An ALJ conducted the hearing on August 2, 2011, and then denied Charles's request for benefits, finding that his impairments were not severe. Charles asked the Appeals Council to review the decision. After the Appeals Council refused, he filed suit in the district court, which referred the matter to a magistrate judge and then adopted the opinion of the magistrate judge affirming the ruling of the ALJ. Charles appeals.

II

"Our standard of review of social security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence. Substantial evidence is enough that a reasonable mind would support the conclusion. The evidence 'must be more than a scintilla, but it need not be a preponderance.' Any findings of fact by the Commissioner which are supported by substantial evidence are conclusive."[2]

III

In his analysis, the ALJ considered reports by a psychologist and a medical doctor; both concluded that Charles was able to work. Charles's employment history, educational records, and self-reported daily activities corroborated this result. The ALJ also reviewed records from Charles's 2010 hospitalization, during which he was diagnosed with marijuana dependence

---

[1] At the subsequent administrative hearing, Charles's representative also raised the possibility of an intellectual disability.

[2] *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (citations omitted) (quoting *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir.1995)).

and psychosis not otherwise specified. Finally, the ALJ considered a psychological examination by Dr. Jerry Whiteman, which suggested that Charles's impairments were serious. Citing inconsistencies in the examination, its reliance on Charles's incomplete self-reporting, and Dr. Whiteman's express caution that the results were unreliable, the ALJ justifiably gave this report no weight.[3]

After reviewing this evidence, the ALJ concluded that Charles suffered from certain legally cognizable impairments, but was nonetheless ineligible for benefits because the impairments were not severe.[4] Charles contests the ALJ's conclusion on two grounds.

First, he argues that the ALJ ignored our decision in *Stone v. Heckler*, which clarified that an impairment is "severe" unless it merely constitutes a "slight abnormality."[5] The record contradicts him, as the ALJ expressly invoked the "slight abnormality" criterion. And even if the ALJ had not done so, any resulting error would have been harmless, as substantial evidence supports the finding that Charles's impairments were not severe under the *Stone* standard.[6]

---

[3] *See Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) ("[W]hen good cause is shown, less weight, little weight, or even no weight may be given to the physician's testimony."). The ALJ also found Charles a less than credible witness. For example, Charles claimed poor vision, but the medical doctor's report indicated that he had 20/20 vision. Charles also failed to inform Dr. Whiteman of his history of daily marijuana use.

[4] *See* 20 C.F.R. § 404.1520(a); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (outlining the five-step analysis used to evaluate disability claims, the second step of which concerns "whether the claimant has a severe impairment"; if the claimant's impairment is not severe, the analysis ends and the claimant is deemed not disabled).

[5] 752 F.2d 1099, 1101 (5th Cir. 1985); *see id.* at 1106 (an ALJ's ruling that fails to cite *Stone*'s interpretation of the severity requirement is presumed to have used an incorrect standard).

[6] *See Taylor*, 706 F.3d at 603 (applying harmless error analysis to an ALJ's failure to invoke *Stone*).

No. 15-30579

Second, Charles argues that new evidence undermines the ALJ's ruling. Specifically, he cites a supplemental report by Dr. Whiteman, completed after the administrative hearing, in which Dr. Whiteman diagnosed him with mild mental retardation.[7] The Appeals Council reviewed this report, but concluded that it did not provide a basis for changing the ALJ's decision. As the magistrate judge noted, Dr. Whiteman's supplemental report is of questionable value, as it appears to again rely on Charles's self-reporting (aspects of which seem inconsistent with other evidence in the record). Even assuming its validity, it does not outweigh the extensive record evidence demonstrating Charles's ability to work.[8]

The ALJ's decision conforms to proper legal standards and is supported by substantial evidence. We AFFIRM the district court's ruling upholding the decision of the ALJ and reject Charles's claims.

---

[7] This report is part of the administrative record because Charles submitted it to the Appeals Council. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005).

[8] Charles argues that Dr. Whiteman's diagnosis of mild mental retardation entitles him to benefits under 20 C.F.R. § 404, Subpart P, Appendix 1 § 12.05(C). *See* 20 C.F.R. § 404.1520(a)(4)(iii) (an impairment that meets Appendix 1 criteria may entitle a claimant to benefits). § 12.05(C), however, requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 *and* a physical or other mental impairment imposing an additional and significant work-related limitation of function" (emphasis added). Here, there is substantial evidence that Charles lacks an additional and significant work-related limitation of function.