# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30462
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

HEATHER HURST,

> Plaintiff–Appellant,

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

> Defendant–Appellee.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-134

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

After the Social Security Administration denied Heather Hurst's application for disability insurance benefits, Hurst filed a complaint in district court seeking review of the decision. The district court affirmed the denial of benefits and Hurst appealed. We affirm the district court and uphold the denial of benefits as supported by substantial evidence.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30462

## I

Hurst applied for disability benefits in November 2010, alleging a disability dating back to October 2009 based on lupus, plaque psoriasis, and depression.  Her application for benefits stated that she worked as an assistant director and then as a director at a daycare facility but had to stop working due to her symptoms, which included joint pain, swelling, and lesions over much of her body.  After her application was denied, she requested and received an administrative hearing.

The administrative law judge (ALJ) concluded that Hurst was not disabled for purposes of the Social Security Act.  As relevant here, the ALJ found that although Hurst's obesity and psoriatic arthritis were severe impairments, she did not have an impairment listed in Appendix 1 of the regulations and retained the residual functional capacity to perform sedentary work, including her prior position as a daycare director.[1]  The agency's Appeals Council denied review.

Hurst then filed a complaint in district court.  The district court affirmed the agency's denial of benefits, adopting the magistrate judge's recommendation and report.  That report concluded that the agency's decision was supported by substantial evidence.  It noted that while the ALJ erroneously stated that Hurst failed to argue that her conditions satisfied the requirements of any impairment listed in Appendix 1, that error was harmless.  Hurst timely appealed.

---

[1] Throughout the text and citations of this opinion, "Appendix 1" refers to the listing of impairments found in Appendix 1 to Subpart P of 20 C.F.R. pt. 404.

No. 15-30462

## II

Our review of disability benefit determinations "is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether substantial evidence of record supports the decision; and (2) whether the decision comports with proper legal standards."[2] "In applying the 'substantial evidence' standard, we 'may not reweigh the evidence in the record, nor try the issues *de novo,* nor substitute the Court's judgment'" for the judgment of the ALJ.[3]

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months."[4]  By regulation, the Social Security Administration follows a five-step process to determine whether a claimant is disabled.[5]  In the first two steps, not at issue here, the claimant must show she is not currently engaged in substantial gainful activity and has a severe impairment.[6]  Third, she must show that her impairment "meets or equals the severity of an impairment listed" in Appendix 1.[7]  If she makes such a showing, the inquiry is at an end and the claimant is entitled to benefits;[8] otherwise, we proceed to step four, in which she must show her impairment "prevents [her] from doing past relevant work."[9]  If she does so, she is entitled to benefits unless, at step five, the agency shows that the impairment does not prevent her from "mak[ing] an adjustment to other work."[10]

---

[2] *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015).

[3] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994) (per curiam) (brackets omitted) (quoting *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988) (per curiam)).

[4] 42 U.S.C. § 423(d)(1)(A).

[5] 20 C.F.R. § 404.1520(a)(4); *Sun v. Colvin*, 793 F.3d 502, 507 (5th Cir. 2015).

[6] *Sun*, 793 F.3d at 507 n.2.

[7] *Id*. (quoting *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005)).

[8] 20 C.F.R. § 404.1520(d).

[9] *Sun*, 793 F.3d at 507 n.2 (quoting *Perez*, 415 F.3d at 461).

[10] 20 C.F.R. § 404.1520(a)(4)(v).

No. 15-30462

### III

### A

Hurst first contends that the ALJ applied the incorrect legal standard at step three of the analysis by failing to consider Hurst's eligibility for benefits under § 8.05 of Appendix 1, which concerns "extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed."[11]

As an initial matter, we acknowledge that the ALJ's statement that Hurst "advanced no argument that he [sic] has a condition which meets . . . the requirements of a listed impairment" was incorrect. Indeed, Hurst's attorney argued in the pre-hearing brief and at the hearing that Hurst's impairments met or were equivalent to sections 8.05 (dermatitis) and 14.09 (inflammatory arthritis) of Appendix 1. Hurst, citing this court's decision in *Audler v. Astrue*,[12] argues that the ALJ's failure to address her section 8.05 claim requires remand because the decision denying benefits amounts to a "bare conclusion . . . beyond meaningful judicial review."

*Audler*, however, does not stand for the proposition that the ALJ's failure to address a claimant's argument always warrants remand. After determining that the ALJ's conclusory rejection of Audler's argument was not supported by a reasoned discussion of the issues, this court then inquired whether that error was harmless.[13] "Procedural perfection in administrative proceedings is not required," we noted, "as long as the substantial rights of a party have not been affected."[14] We remanded Audler's claim for further proceedings only after analyzing the record, which included uncontradicted evidence of severe limitations, and concluding that "[a]bsent some explanation from the ALJ to

---

[11] Appendix 1, § 8.05.

[12] 501 F.3d 446, 448 (5th Cir. 2007).

[13] *Id.*

[14] *Id.* (internal quotation marks omitted) (quoting *Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)).

the contrary, Audler would appear to have met her burden of demonstrating" that her condition met the requirements of a condition listed in Appendix 1.[15] Whether Hurst's claims require remand depends on whether the ALJ's error "cast[s] into doubt the existence of substantial evidence to support the ALJ's decision," the question to which we now turn.[16]

## B

Hurst claims the administrative decision denying benefits at step three "include[d] material misstatements of fact" and "neglected to consider highly relevant evidence." She seeks, among other things, a remand to determine whether her conditions qualified as an impairment under section 8.05 of Appendix 1.

Section 8.05 is the listing for "dermatitis . . . with extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed." "Extensive skin lesions," in turn, "are those that involve multiple body sites or critical body areas, and result in a very serious limitation."[17] As examples of conditions that amount to "very serious limitations" in the context of this section, the regulation cites lesions that "very seriously limit" the "use of more than one extremity," "ability to do fine and gross motor movements," or "ability to ambulate."[18]

Although the ALJ failed to cite section 8.05 in her decision, she did cite considerable evidence that bolstered her conclusion that Hurst "does not have an impairment or combination of impairments that meets or medically equals the severity" of an impairment listed in Appendix 1. The ALJ's step-three analysis focuses on the assessment of Dr. Angele Bourg, who asserted that

---

[15] *Id*. at 449.

[16] *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam).

[17] Appendix 1, § 8.00(C)(1).

[18] *Id*.

Hurst was disabled because she "would always have difficulty with ambulation." Noting that treatment records revealed "no evidence of ineffective ambulation as defined in the listings," the ALJ gave little weight to Dr. Bourg's opinion. Elsewhere, in her examination of Hurst's residual functional capacity for purposes of the step-four analysis, the ALJ discussed a variety of evidence tending to show that Hurst's statements concerning the "intensity, persistence and limiting effects" of her symptoms were not fully credible. This evidence included a paucity of documented complaints of functional limitations in the medical records and examination findings that revealed no severe limitations. As the magistrate judge noted, the record also includes hearing testimony that Hurst is sometimes able to drive, perform household chores, care for her child, use a computer, and shop. Taken together, this evidence supports a conclusion that Hurst's lesions do not give rise to a very serious limitation within the meaning of the regulations. We thus conclude that the ALJ's failure to explicitly consider section 8.05 was harmless error.[19]

Hurst urges us to reach a different conclusion, noting that she has a history of "severe flares of psoriasis," uses various medications, and is (among other things) "unable to get out of bed some mornings." As we have noted, Hurst's evidence is not sufficient to meet her burden of demonstrating entitlement to benefits unless it demonstrates that her condition results in very serious limitations. Labelling a symptom "severe" or noting that it has persisted despite treatment is not enough. Hurst takes issue with the ALJ's resolution of conflicting medical opinions and alleges that the ALJ "ignored highly relevant medical evidence" and mischaracterized parts of the medical

---

[19] *Compare* Appendix 1, § 8.00(C)(1) (condition must result in "very serious limitation" to qualify), *with id.* § 14.09(e)(1) ("Listing-level severity in [this section] is shown by an impairment that results in an 'extreme' (very serious) limitation.").

No. 15-30462

record, including the frequency of Hurst's visits to physicians and her use of medications. For the reasons described above, however, we conclude that there is no doubt that "credible evidentiary choices or medical findings support" the ALJ's decision.[20] Finally, Hurst asserts that the district court was "retrying the case" and substituting its judgment for the judgment of the Commissioner, but the court below undertook only the analysis necessary to determine whether the ALJ's procedural error affected the substantial rights of the claimant. The district court held that it did not, and we agree.

Analysis under section 14.09 of Appendix 1, which addresses inflammatory arthritis, yields the same result. Section 14.09 encompasses inflammation—often accompanied by joint pain, swelling, and tenderness—"that results in an 'extreme' (very serious) limitation."[21] The ALJ explicitly considered Hurst's eligibility for benefits under this section, and the credibility determinations and analysis of the medical evidence are—for the reasons discussed above—supported by substantial evidence.

To the extent Hurst challenges the ALJ's conclusion at step four that she retained the functional capacity to perform her prior work, we find that the ALJ's determinations in this regard are likewise amply supported by substantial evidence. The evidence discussed above—including the treatment notes and Hurst's testimony at her hearing—are sufficient to support the ALJ's finding that Hurst is able to perform sedentary work.

**C**

Finally, Hurst faults the ALJ for failing to consider a closed period of disability. Hurst posits that even though her May 2011 visit to a physician "document[ed] improvement" in her condition, the ALJ should have considered

---

[20] *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000).

[21] Appendix 1, § 14.09(a), (e)(i).

No. 15-30462

whether Hurst was disabled for some twelve-month period ending before that time.  We disagree.  The ALJ considered the entire medical record, including evidence relating to visits within the twelve months following the asserted onset of disability, in reaching her conclusion.

*          *          *

For the foregoing reasons, the judgment of the district court is AFFIRMED.