# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2023

Lyle W. Cayce
Clerk

————————

No. 23-40401
Summary Calendar

————————

Bradley Thomas Boone,

*Plaintiff—Appellant*,

*versus*

Martin O'Malley, *Commissioner of Social Security*; Kelly
Matthews, *Administrative Law Judge*,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-279

_____

Before Clement, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

In 2016, Bradley Boone filed an application with the Social Security
Administration for disability insurance benefits and supplemental security
income benefits. When his application was denied, Boone requested a
hearing before an administrative law judge (ALJ). The ALJ, Kelly Mathews,
conducted the Social Security Administration's five-step evaluation process

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

for determining whether an individual is disabled within the meaning of the Social Security Act. The ALJ found that Boone (1) had "not engaged in substantial gainful activity" since the date of his alleged disability; (2) was severely medically impaired; (3) did not have an impairment that met the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) did not have the residual functional capacity to perform his past work as an airplane pilot; and (5) did have the residual functional capacity to perform "the full range of sedentary work," and thus was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." The ALJ therefore concluded that Boone was not disabled. Boone requested review of the ALJ's decision, but his request was denied by the Social Security Administration's Appeals Council.

Boone then sought judicial review of the Social Security Administration's decision. The district court determined that the record "lack[ed] substantial evidence to support the ALJ's finding that Boone [was] capable of performing sedentary work," and therefore reversed the decision of the ALJ and remanded the case to the Social Security Administration's Appeals Council. *Boone v. Saul*, No. 3:19-CV-00175, 2020 WL 2150523, at *3–4 (S.D. Tex. Apr. 17, 2020), *report and recommendation adopted*, 2020 WL 2130992 (S.D. Tex. May 5, 2020). The Appeals Council, in turn, remanded back to the ALJ for a new hearing and decision.

ALJ Matthews held a new hearing on November 3, 2020, and issued a new decision on December 17, 2020. The ALJ's new five-step evaluation reached the same conclusions as her original evaluation with the exception of Step 5, at which the ALJ recognized that Boone could only "sit for 30 minutes at a time and then would need to stand for 5-10 minutes before resuming a sitting position" but nonetheless found that Boone had the residual functional capacity to perform at least some sedentary work and that such

jobs were available. So, ALJ Matthews again held that Boone was not disabled. The Appeals Council again denied Boone's request to review the ALJ's decision, and Boone again returned to federal court.[1] This time, the district court granted summary judgment to the Social Security Administration. Boone appeals, *pro se*.

Our review of social security disability claims is "exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). Although Boone raises multiple issues on appeal, only two fall within this scope.

First, Boone contends that ALJ Matthews lacked substantial evidence in support of her determination that Boone was not disabled within the meaning of the Social Security Act. We disagree. As the district court explained, "the ALJ thoroughly reviewed Boone's medical records and the medical opinions therein," and this documentation "provide[d] substantial evidence that supports the ALJ's decision."

Second, Boone claims that ALJ Matthews' decision contradicted the factual findings and legal conclusions in the district court's remand decision. But it did not. Again, the district court's decision explains why:

> [The district court] previously . . . remand[ed] because there was not substantial evidence in the record "to support a sedentary exertional level." Specifically, [the court] found that although the record supported "that Boone can sit for a

---

[1] Boone filed in federal court in October 2021—after the ALJ's December 2020 decision but before the Appeals Council's September 2022 denial. The district court forgave Boone's failure to exhaust his administrative remedies before filing suit due to "extraordinary circumstances."

maximum of 30 minutes," the record did not support "that Boone can sit six hours of an eight-hour workday," which is what "sedentary work" implies. On remand, ALJ Matthews fully addressed this issue by confirming with a vocational expert that there exist sedentary occupations in the national economy in significant numbers that would accommodate someone like Boone who can sit for only 30 minutes at a time.

So, far from contradicting the findings in the district court's remand order, the ALJ's subsequent decision faithfully adhered to them and considered whether appropriate occupations were available that could accommodate Boone's limitation.

As for Boone's remaining claims on appeal—including, among other contentions, that the district court violated Boone's civil rights in adjudicating his case, that ALJ Matthews perjured herself, and that the district court attempted to cover up ALJ Matthews' perjury—we find them to be outside of the limited scope of our review and, in any event, meritless.

AFFIRMED.