# United States Court of Appeals for the Fifth Circuit

---

No. 24-50263

---

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2025

Lyle W. Cayce
Clerk

Robert Alan Palmer,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:23-CV-100

---

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.
Per Curiam:[*]

The Commissioner of Social Security Administration denied Robert Alan Palmer's applications for disability insurance benefits and supplemental security income. The district court affirmed the Commissioner's decision, and so do we.

On April 18, 2016, Palmer applied for disability insurance benefits due to a back problem that began on April 24, 2015. He later applied for

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supplemental security income.  An administrative law judge ("ALJ") found Palmer was not disabled.  Palmer challenged that finding in the United States District Court for the Western District of Texas.   The district court remanded Palmer's case for a new hearing before a new ALJ.  Following a hearing on remand, the new ALJ also denied Palmer's applications for benefits.  Palmer again petitioned for review in the same district court.  Upon the magistrate judge's recommendation, the district court affirmed the ALJ's decision. Palmer timely appealed.  Although Palmer had legal counsel prior to appeal, he proceeds *pro se* here.

"Our standard of review of social security disability claims is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012).  When the ALJ's "fact findings are supported by substantial evidence, they are conclusive." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005).  We will find substantial evidence to be lacking "only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'" *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  Even when an ALJ errs, we will not reverse if the error is harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

Palmer's brief lists four issues.  The first two are (1) "whether Palmer's injury prevented him from employment for more than 12 months," and (2) "whether Palmer followed proper doctor's orders and protocol in his surgeries and subsequent rehabilitation attempts."  Despite listing these as issues, Palmer's brief discusses neither.  Those issues are therefore forfeited. The other listed issues are (3) "whether Palmer was disabled until the time he started receiving his normal social security check 08/19/21," and (4) "whether the facts and evidence support the denial of Palmer's disability

claim or shows a preponderance of evidence for Palmer's claim of disability." Those issues are better addressed as one question: does substantial evidence support the ALJ's finding that Palmer has not been disabled after April 24, 2015?

Palmer's brief does not address that critical question. He instead focuses only on alleged errors in the Commissioner's district court briefing and the magistrate judge's report and recommendation. "[A]lthough we liberally construe *pro se* briefs, . . . [t]his court 'will not raise and discuss legal issues that [an appellant] has failed to assert.'" *Kinchen v. Dep't of Health & Hum. Servs.*, 46 F.3d 65, 65 (5th Cir. 1995) (quoting *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987)).

Palmer does argue that the ALJ's "assessment of the conflicting medical opinion[s] should be deemed and determined a legal error." "Conflicts in the evidence are for the [ALJ] and not the courts to resolve." *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). In considering whether there was substantial evidence to support this ALJ's decision, we see that the ALJ gave Dr. Worrich's conflicting opinion "little weight" because it was inconsistent with Dr. Worrich's own clinical findings and the findings of other medical professionals. The findings of those other professionals constitute substantial evidence. Palmer's brief does not discuss any other grounds to warrant reversal of the ALJ's no-disability finding.

AFFIRMED.