# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2026

Lyle W. Cayce
Clerk

No. 25-50347
Summary Calendar

Steven Michael Laird,

*Plaintiff—Appellant*,

*versus*

Frank Bisignano, *Commissioner of Social Security Administration*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:24-CV-59

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After the Social Security Administration (SSA) denied his application for disability benefits, Plaintiff–Appellant Steven Laird sought review from the district court. The court upheld the denial as supported by substantial evidence. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50347

I.

Laird filed an application for disability benefits based on his diagnoses of anxiety and bipolar disorders.[1] The SSA denied his claim, both initially and on reconsideration. Laird then requested an administrative hearing. The Administrative Law Judge (ALJ) found Laird was not disabled. This appeal concerns the sufficiency of the ALJ's explanation for her finding.

II.

By regulation, the SSA follows a five-step process to determine whether a claimant is disabled.[2] At issue here is step three, where the claimant must demonstrate his impairment "meets or equals the severity of an impairment listed in appendix 1 of the social security regulations."[3] If so, the inquiry ends, and the claimant is entitled to benefits.[4] If not, the ALJ calculates the claimant's "residual functional capacity (RFC)—the most a claimant can still do despite [his] limitations."[5] The analysis then proceeds to the remaining steps for consideration of what work, if any, the claimant can perform.

---

[1] Laird also based his application on other conditions—including depression, ADHD, scoliosis, and degenerative disc disease—but he does not appeal the denial of his application as to those impairments.

[2] *See* 20 C.F.R. 404.1520, 416.920 (2025). The steps ask whether: "(1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

[3] *Id.*

[4] *Vasquez v. O'Malley*, No. 24-50233, 2024 WL 4381269, at *1 (5th Cir. Oct. 3, 2024) (per curiam) (unpublished).

[5] *Id.* (cleaned up).

No. 25-50347

Sections 12.04 and 12.06 are the listings for bipolar and anxiety disorders, respectively.[6] To meet these listings—which have the same test—the claimant must satisfy the requirements of *either* "Paragraph B" or "Paragraph C."[7] To meet Paragraph B, the claimant must show sufficiently high limitation in areas such as: (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself.[8] To meet Paragraph C, a claimant must demonstrate "marginal adjustment," that is, "minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life."[9] The regulations explain:

> "Marginal adjustment" means that your adaptation to the requirements of daily life is fragile . . . the evidence shows that changes or increased demands have led to exacerbation of your symptoms and signs and to deterioration in your functioning; for example, you have become unable to function outside of your home or a more restrictive setting, without substantial psychosocial supports. . . . [E]vidence may document episodes of deterioration that have required you to be hospitalized[.][10]

## III.

The ALJ determined that Laird did not meet these listings. As to Paragraph B, the ALJ dedicated a paragraph to each of the four factors, finding that Laird had only "moderate" limitation in most areas. The ALJ

---

[6] 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.04, 12.06.

[7] *Id.*

[8] *Id.* §§ 12.04(B), 12.06(B).

[9] *Id.* §§ 12.04(C), 12.06(C). Paragraph C also includes other requirements. However, the ALJ based her ruling on the absence of "marginal adjustment," so that is the only factor at issue on appeal.

[10] *Id.* § 12.00(G)(2)(c).

3

briefly stated Laird did not meet Paragraph C because he did not show "marginal adjustment." She then calculated Laird's RFC and determined that he could do certain light work.

In the district court, Laird argued the ALJ's decision is not supported by substantial evidence because she did not explain her conclusion on "marginal adjustment" under Paragraph C. Acting on a magistrate judge's report and recommendation, the district court affirmed the denial of benefits. It agreed with Laird that "the ALJ's Paragraph C analysis was indeed conclusory." However, it found no harmful error because the ALJ "analyzed evidence relevant to the Paragraph C standard at other steps of the sequential process." Laird timely appealed.

## IV.

Our review "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards."[11] Substantial evidence means "more than a scintilla, but it need not be a preponderance."[12] "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[13] Moreover, the ALJ's commission of error at step three does not automatically warrant reversal; the claimant must additionally show that the error was harmful.[14]

---

[11] *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam).

[12] *Id.*

[13] *Whitehead v. Colvin*, 820 F.3d 776, 782 (5th Cir. 2016) (per curiam).

[14] *See Audler*, 501 F.3d at 448 ("Having determined that the ALJ erred in failing to state any reason for her adverse determination at step 3, we must still determine whether this error was harmless.").

No. 25-50347

V.

Applying this standard, we find the ALJ's decision is supported by substantial evidence. True, the *specific paragraph* the ALJ dedicated to Paragraph C was brief. But "[p]rocedural perfection in administrative proceedings is not required,"[15] and "the ALJ is not always required to do an exhaustive point-by-point discussion."[16] Here, the ALJ made fact-findings determinative of "marginal adjustment" elsewhere in her step three analysis, and Laird has not shown that repetition of these findings as to the Paragraph C ruling would have changed the outcome.[17]

Specifically, when conducting her Paragraph B analysis, the ALJ concluded that Laird was only *moderately* limited in "*adapting* and managing" himself. She supported this conclusion with record evidence, such as the fact that Laird had told an examiner that "he completed all activities of daily living independently, including ambulating, dressing, bathing, and managing medications." This finding and evidence go to "marginal adjustment," which asks if the claimant has "deterioration of functioning."[18]

The ALJ made further relevant findings when assessing Laird's RFC. After thoroughly analyzing records from Laird's visits with his psychologist and nurse practitioner, the ALJ concluded that "treatment notes show that the claimant's mental conditions responded to medication and were generally *stable*." She noted that he had never "require[d] emergency or inpatient psychological care." These findings support her conclusion that Laird did not show marginal adjustment, which requires

---

[15] *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

[16] *Audler*, 501 F.3d at 448.

[17] *See id.* (the claimant's "substantial rights" must be affected to warrant remand).

[18] 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(G)(2)(c).

No. 25-50347

"fragile" adaptation and looks to whether "episodes of deterioration" have required the claimant "to be hospitalized."[19] That the ALJ did not replicate these findings in her ruling on Paragraph C is of no moment; the omission was, at most, harmless error.

Although Laird points to our decision in *Audler v. Astrue* for support, that case does not help his argument.[20] There, the ALJ's total failure to analyze a listing was harmful error where the *only* record evidence was an uncontroverted medical opinion showing that the claimant met the listing.[21] The instant case is easily distinguishable: in addition to the findings summarized above, the ALJ explicitly relied on the opinions of two state agency psychological consultants, who opined that Laird *did not* demonstrate marginal adjustment and was not disabled.

Laird also makes much of the fact that many of the ALJ's relevant findings appear not in her discussion on Paragraph C, but in other areas of her analysis. He urges that, by relying on these findings, the district court impermissibly read reasons into the ALJ's decision post-hoc. This argument elevates form over substance. Finding the ALJ's decision is supported by substantial evidence, we will not reverse merely because the ALJ did not repeat her findings when entering a decision as to Paragraph C.[22]

AFFIRMED.

---

[19] *Id.*

[20] *See* 501 F.3d at 449.

[21] *Id.* ("*Audler* would appear to have met her burden of demonstrating that she meets the Listing . . . and therefore her substantial rights were affected.")

[22] *See Hurst v. Colvin*, 639 F. App'x 1018, 1022 (5th Cir. 2016) (per curiam) (finding "harmless error" where the ALJ failed to address a listing because "[e]lsewhere" in her opinion she made findings tending to show that the claimant did not meet the listing).